IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE DUKE,<br>#23050976 | § § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:24-cv-0261-G (BT) |
| CITY OF DALLAS POLICE<br>DEPARTMENT, et al., | § § § § | |
| Respondents. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Lonnie Duke, while detained at the Dallas County jail, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Am. Pet. (ECF No. 7). This matter was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

For the reasons explained below, the Court should dismiss Duke's habeas petition as moot.

**Legal Standards and Analysis**

Section 2241 remains " 'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir.

2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)); *see also* *Jones v. Hendrix*, 599 U.S. 465, 475 (2023) (Section 2241 remains available where "a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*." (emphasis in original)).

But, once a pre-trial detainee is convicted, claims for federal habeas relief for pretrial issues become moot. *See* *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) ("Yohey claims that the state court erred in refusing to grant his pretrial habeas relief. However, such claims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction") (citing *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that habeas petitions challenging legality of pretrial detention were rendered moot by conviction) (additional citation omitted)).

A review of publicly available court records for Dallas County reflects that Duke was convicted after filing his Section 2241 petition. *See State of Tex. v. Duke*, F-23-56983 (195th Jud. Distr. Ct.); *State of Tex. v. Duke*, No. F-23-61005 (195th Jud. Distr. Ct.). So, his claims for federal habeas relief related to pretrial issues are moot and should be dismissed.

## Recommendation

The Court should dismiss the construed habeas petition corpus under 28 U.S.C. § 2241 as moot.

Dated January 6, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

    A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).